IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Phillip J. RAMTHUN, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

Phillip J. RAMTHUN, Respondent.

Supreme Court

*No. 2014AP2476–D.—Decided September 30, 2015.*

2015 WI 94

(Also reported in 869 N.W.2d 775.)

¶ 1. PER CURIAM. We review Referee Dennis J. Flynn's recommendation that we suspend Attorney Phillip J. Ramthun's license to practice law for a period of two years and six months for professional misconduct. Neither the Office of Lawyer Regulation (OLR) nor Attorney Ramthun has appealed the referee's recommendation. Therefore, the matter is submitted to the court for review pursuant to Supreme Court Rule (SCR) 22.17(2).[1]

■

¶ 2. In conducting our review, we will affirm the referee's findings of fact unless they are clearly erroneous. *See In re Disciplinary Proceedings Against Inglimo,* 2007 WI 126, ¶ 5, 305 Wis. 2d 71, 740 N.W.2d 125. We review the referee's conclusions of law de novo. *See In re Disciplinary Proceedings Against Alia,* 2006 WI 12, ¶ 39, 288 Wis. 2d 299, 709 N.W.2d 399. In accordance with our authority to supervise the practice of law in this state, we determine the level of discipline that is appropriate under the particular circumstances, independent of the referee's recommendation but benefitting from it. *See In re Disciplinary Proceedings Against Widule,* 2003 WI 34, ¶ 44, 261 Wis. 2d 45, 660 N.W.2d 686.

---

[1] SCR 22.17(2) provides:

> If no appeal is filed timely, the supreme court shall review the referee's report; adopt, reject or modify the referee's findings and conclusions or remand the matter to the referee for additional findings; and determine and impose appropriate discipline. The court, on its own motion, may order the parties to file briefs in the matter.

¶ 3. Attorney Ramthun was admitted to practice law in Wisconsin in 1978. He practices law in Milwaukee. His license is subject to an administrative suspension for failure to pay Wisconsin State Bar dues, failure to file a trust account certification, and noncompliance with continuing legal education (CLE) requirements. He has no other prior disciplinary history, other than a brief temporary suspension for failure to cooperate with the OLR's investigation into two of the matters giving rise to this proceeding.

¶ 4. On October 22, 2014, the OLR filed a complaint against Attorney Ramthun. Attorney Ramthun did not file an answer. The matter was assigned to Referee Flynn. Attorney Ramthun did not appear in the proceeding until a second scheduling conference on February 13, 2015. On March 18, 2015, the OLR filed an extensively amended complaint comprising 71 pages and containing 52 separate counts of alleged misconduct related to 13 separate client matters. The OLR sought a three-year suspension of Attorney Ramthun's license. Attorney Ramthun did not file an answer to the amended complaint and, on April 21, 2015, the OLR sought a default judgment.

¶ 5. The referee established a briefing schedule for the default motion. Attorney Ramthun did not file a timely brief but later sent a letter and responsive brief by email, opposing default judgment and maintaining that he had a meritorious defense to some of the OLR's allegations. He also disclosed certain contributing factors, including the fact that he had moved his law office three times in the past five years, had staffing issues, got divorced, and had significant medical issues including a hip replacement, cancer, and chronic fatigue syndrome.

¶ 6. The referee denied the motion for a default judgment and established a revised briefing schedule. However, Attorney Ramthun then failed to appear at a scheduled telephone conference. The OLR renewed its motion for a default judgment. The next day, Attorney Ramthun sent an email stating that he was experiencing chronic fatigue syndrome which prevented his participation in the scheduled conference. Both parties participated in a subsequent telephone conference on July 13, 2015.

■

¶ 7. On July 16, 2015, the referee issued a thorough "DECISION on Motion for Default Judgment [and] Report and Recommendations." The referee reiterated the legal standards applicable to default judgments in OLR matters and noted that Attorney Ramthun, over a seven-month period, had not filed any answer, had failed to comply with the referee's scheduling orders, and had failed to appear at telephonic scheduling conferences. The referee deemed a default judgment against Attorney Ramthun appropriate. We agree. Attorney Ramthun failed to present any real defense despite being given multiple opportunities to do so, and we declare him to be in default.

¶ 8. The referee then summarized the allegations against Attorney Ramthun, determined that the OLR has met its burden, and found by clear, satisfactory, and convincing evidence that Attorney Ramthun committed 46 of the 52 alleged acts of lawyer misconduct.

¶ 9. The misconduct in this case is extensive. The amended complaint alleges, and the referee determined, that Attorney Ramthun committed at least 46 separate instances of professional misconduct in some 13 client matters between 2007 and 2014. Given the breadth and scope of the misconduct and the fact that

the factual allegations were not seriously challenged by Attorney Ramthun, we will only summarize the client matters and the referee's extensive findings of misconduct.

*Matter of A.G. (Counts 1–4)*

¶ 10. In 2005, A.G. retained Attorney Ramthun as successor counsel to assist with her appeal from the denial of disability benefits. Attorney Ramthun subsequently filed a civil lawsuit on A.G.'s behalf but then failed to respond to a motion to dismiss. A.G.'s case was dismissed as time-barred. Attorney Ramthun failed to inform A.G. of the dismissal until after appeal deadlines had expired. Attorney Ramthun then failed to communicate further with A.G. or with her successor counsel.

*Matter of K.W. (Counts 5–8)*

¶ 11. In 2008, K.W. retained Attorney Ramthun to represent her in two separate personal injury actions. Attorney Ramthun filed two separate lawsuits on her behalf. He then failed to inform K.W. of a motion to dismiss or of his agreement to dismiss her case by stipulation.

*Matter of M.M. (Counts 9–15)*

¶ 12. In 2010, Attorney Ramthun became successor counsel in a case involving a car accident victim who received chiropractic and physical therapy treatment from The Healing Arts Treatment Center (Healing Arts) for accident-related injuries. The outstanding balance for these services was $4,616.

¶ 13. As part of his representation, Attorney Ramthun agreed to honor Healing Arts' lien for the

outstanding chiropractic bills and, in May 2012, Attorney Ramthun received and deposited a check from an insurer for $4,616 for these costs into his client trust account. However, despite numerous calls from Healing Arts seeking reimbursement, their bill was not paid until ten months later. The OLR's investigation into this matter revealed trust account anomalies, including conversion of a portion of the client funds. Attorney Ramthun then failed to respond to several of the OLR's requests for information relating to this matter.

*Matter of J.C. (Count 16)*

¶ 14. In 2012, J.C. retained Attorney Ramthun to represent him in a personal injury action. Attorney Ramthun failed to respond to OLR inquiries regarding a grievance filed by J.C.

*Matter of EZ Self Storage (Counts 17–19)*

¶ 15. In 2012, Attorney Ramthun became delinquent on payments for a storage facility, EZ Self Storage, at which he stored client files, resulting in those files being offered at public auction. He then failed to respond to OLR inquiries into the matter.

*Matter of Southeast Wisconsin Process, LLC (Count 20)*

¶ 16. In 2012, Attorney Ramthun directed staff persons to make false statements regarding payment of fees due and owing to Southeast Wisconsin Process, LLC.

*Matter of J.J. (Count 21)*

¶ 17. In 2011, J.J. hired Attorney Ramthun to represent him in a Social Security Disability benefits

claim. Attorney Ramthun later failed to respond to OLR inquires regarding an ensuing grievance.

*Matter of K.F. (Counts 22–27)*

¶ 18. In 2011, Attorney Ramthun became successor counsel for K.F. in a personal injury matter. He filed a lawsuit on her behalf, which settled for $20,000. Attorney Ramthun deposited the settlement funds into his trust account and made internet transfers from his trust account into his operating account. Months after signing the settlement statement, K.F. had not received her portion of the settlement proceeds and Attorney Ramthun had not paid medical and other expenses in the personal injury matter as required by the terms of the settlement. In addition, the ensuing investigation revealed trust account anomalies.

*Matter of R.O. and A.O. (Counts 28–33)*

¶ 19. Attorney Ramthun represented R.O. and A.O. in a personal injury matter. In October 2013, Attorney Ramthun negotiated a $12,500 settlement, which required satisfaction of an outstanding lien in the amount of $4,152.23 to Milwaukee County Medical Plan (MCMP).

¶ 20. In October 2013, Attorney Ramthun received a $12,500 settlement check, together with releases to be signed. Attorney Ramthun deposited the $12,500 settlement check into his trust account, then issued a series of checks and made transfers with the funds. He later failed to appear at a hearing on a motion to reopen the case, to compel signature of releases and of a stipulation and order for dismissal, and for sanctions including actual attorneys' fees.

¶ 21. After the May 2014 motion hearing, the Honorable Christopher Foley, with knowledge that

17

Attorney Ramthun's license had been temporarily suspended, issued a June 17, 2014 order directing Attorney Ramthun to take certain steps, including paying the plaintiffs the net amount of the settlement to which they were entitled and to pay the sum of $4,152.23 to satisfy the outstanding lien to MCMP. Attorney Ramthun failed to comply with the court order. Attorney Ramthun then failed to cooperate in the ensuing OLR investigation, and failed to appear at a subsequent contempt hearing at which he was found to be in contempt.

*Matter of A.L.D. and D.D. (Counts 34–37)*

¶ 22. In 2011, A.L.D. and D.D. hired Attorney Ramthun to represent them in a sexual harassment matter. He filed an action on their behalf.

¶ 23. Attorney Ramthun then failed to appear at a 2013 court hearing, causing the court to dismiss the matter for failure to prosecute. Attorney Ramthun failed to inform A.L.D. that the case was dismissed, allowing her to believe the case was ongoing. He then ceased contact with the clients and failed to cooperate with the ensuing OLR disciplinary investigation.

*Matter of J.J. (Counts 38–42)*

¶ 24. J.J. hired Attorney Ramthun to represent him in a personal injury matter involving a fall on a City of Milwaukee sidewalk. In late 2013, Attorney Ramthun's assistant telephoned J.J. to inform him that his claim had settled and he would receive $2,550. Attorney Ramthun's office received the settlement funds and instructed J.J. to come to Attorney Ramthun's office, at which time J.J. was given $600 cash but no receipt nor a copy of a settlement agree-

ment. Attorney Ramthun failed to give J.J. the $1,950 balance of his settlement and failed to respond to questions from the client.

¶ 25. In 2013, Attorney Ramthun also falsely informed J.J. that he had sent a letter to the judge in a different closed federal court case requesting the case be reopened. Attorney Ramthun never actually filed the letter in federal court. Attorney Ramthun then failed to cooperate with the ensuing OLR disciplinary investigation.

*Matter of R.E. (Counts 43–47)*

¶ 26. In 2008, R.E. was injured in a car accident and subsequently retained Attorney Ramthun to represent her. In 2011, Attorney Ramthun filed suit on R.E.'s behalf. He then failed to respond to discovery requests despite repeated inquires and failed to appear at an ensuing hearing on a motion to compel and for sanctions, resulting in the court dismissing R.E.'s case with prejudice. Attorney Ramthun failed to inform R.E. about this and incorrectly told R.E. that the statute of limitations had run on her case and there was nothing he could do. Attorney Ramthun also failed to return R.E.'s case file and failed to cooperate with the ensuing OLR disciplinary investigation.

*Matter of H.B. (Counts 48–52)*

¶ 27. In 2010, H.B. hired Attorney Ramthun to represent her in a personal injury matter. In 2013, Attorney Ramthun filed suit on H.B.'s behalf. In 2014, opposing counsel served upon Attorney Ramthun a notice of motion and motion for summary judgment. On March 31, 2014, the court granted the summary judgment motion, entering judgment against H.B.

19

Attorney Ramthun failed to notify H.B. of the dismissal of her case. Indeed, throughout the representation, Attorney Ramthun failed to return H.B.'s phone calls or respond to her messages inquiring into the status of her case. She only learned that the case had been dismissed and a judgment entered against her by checking the Wisconsin Court System Circuit Court Access website. Attorney Ramthun then failed to cooperate with the ensuing disciplinary investigation.

██

¶ 28. The amended complaint alleged and the referee determined that Attorney Ramthun failed to provide competent representation to a client, in violation of SCR 20:1.1[2] (Counts 1 and 5).

██

¶ 29. The amended complaint alleged and the referee determined that Attorney Ramthun failed to abide by a client's decisions concerning the objectives of representation, in violation of SCR 20:1.2(a)[3] (Count 7).

---

[2] SCR 20:1.1 provides that "[a] lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation."

[3] SCR 20:1.2(a) provides:

Subject to pars. (c) and (d), a lawyer shall abide by a client's decisions concerning the objectives of representation and, as required by SCR 20:1.4, shall consult with the client as to the means by which they are to be pursued. A lawyer may take such action on behalf of the client as is impliedly authorized to carry out the representation. A lawyer shall abide by a client's decision whether to settle a matter. In a criminal case or any proceeding that could result in deprivation of liberty, the lawyer shall abide by the client's decision, after consultation with the lawyer, as to a plea to be entered, whether to waive jury trial and whether the client will testify.

■

¶ 30. The amended complaint alleged and the referee determined that Attorney Ramthun failed to act with reasonable diligence, in violation of SCR 20:1.3,[4] when he failed to periodically review the status of a client's case, failed to ensure timely service after filing suit on behalf of a client, failed to take appropriate steps to advance his client's lawsuit resulting in the dismissal of the case, and failed to timely respond to a summary judgment motion filed in a client's case (Counts 2, 5, 34, and 48).

■

¶ 31. The amended complaint alleged and the referee determined that, on several occasions, Attorney Ramthun failed to keep his clients reasonably informed about the status of their respective cases, failed to respond to reasonable requests for information, failed to return client phone calls and respond to messages, and, in one matter, failed to advise a client that the court had dismissed the client's complaint, all in violation of SCR 20:1.4(a)[5] (Counts 3, 6, 7, 8, 35, 38, 44, and 49).[6]

---

[4] SCR 20:1.3 provides that "[a] lawyer shall act with reasonable diligence and promptness in representing a client."

[5] SCR 20:1.4(a) provides, in relevant part:

> A lawyer shall:
>
> . . .
>
> (2) reasonably consult with the client about the means by which the client's objectives are to be accomplished;
>
> (3) keep the client reasonably informed about the status of the matter;
>
> (4) promptly comply with reasonable requests by the client for information[.]

[6] The referee recommends that the court dismiss Counts 45 and 50 alleging violations of SCR 20:1.4, deeming these charges duplicative of other counts alleged and proven.

¶ 32. The amended complaint alleged and the referee determined that Attorney Ramthun failed to pay his monthly storage bill and thereby subjected his former clients' files to be revealed at a public sale, in violation of SCR 20:1.6(a)[7] (Count 17).

¶ 33. The amended complaint alleged and the referee determined that Attorney Ramthun engaged in multiple violations of the trust account rules, namely: SCR 20:1.15(b)(1)[8] (Counts 9, 22, and 28); SCR 20:1.15(d)(1)[9] (Counts 10, 23, 29, and 39); SCR 20:1.15(e)(4)a.[10] (Count 24); SCR

---

[7] SCR 20:1.6(a) provides that "[a] lawyer shall not reveal information relating to the representation of a client unless the client gives informed consent, except for disclosures that are impliedly authorized in order to carry out the representation, and except as stated in pars. (b) and (c)."

[8] SCR 20:1.15(b)(1) provides:

A lawyer shall hold in trust, separate from the lawyer's own property, that property of clients and 3rd parties that is in the lawyer's possession in connection with a representation. All funds of clients and 3rd parties paid to a lawyer or law firm in connection with a representation shall be deposited in one or more identifiable trust accounts.

[9] SCR 20:1.15(d)(1) provides:

Upon receiving funds or other property in which a client has an interest, or in which the lawyer has received notice that a 3rd party has an interest identified by a lien, court order, judgment, or contract, the lawyer shall promptly notify the client or 3rd party in writing. Except as stated in this rule or otherwise permitted by law or by agreement with the client, the lawyer shall promptly deliver to the client or 3rd party any funds or other property that the client or 3rd party is entitled to receive.

[10] SCR 20:1.15(e)(4)a. provides that "[n]o disbursement of cash shall be made from a trust account or from a deposit to a trust account, and no check shall be made payable to 'Cash.' "

22

20:1.15(e)(4)c.[11] (Counts 14 and 25); and SCR 20:1.15(f)(1)[12] (Counts 11 and 26).[13] Attorney Ramthun

[11] SCR 20:1.15(e)(4)c. provides that "[a] lawyer shall not make deposits to or disbursements from a trust account by way of an Internet transaction."

[12] SCR 20:1.15(f)(1) provides, in relevant part:

> Draft accounts. Complete records of a trust account that is a draft account shall include a transaction register; individual client ledgers for IOLTA accounts and other pooled trust accounts; a ledger for account fees and charges, if law firm funds are held in the account pursuant to sub. (b)(3); deposit records; disbursement records; monthly statements; and reconciliation reports, subject to all of the following:

> a. Transaction register. The transaction register shall contain a chronological record of all account transactions, and shall include all of the following:

> 1. the date, source, and amount of all deposits;

> 2. the date, check or transaction number, payee and amount of all disbursements, whether by check, wire transfer, or other means;

> 3. the date and amount of every other deposit or deduction of whatever nature;

> 4. the identity of the client for whom funds were deposited or disbursed; and

> 5. the balance in the account after each transaction.

> b. Individual client ledgers. A subsidiary ledger shall be maintained for each client or 3rd party for whom the lawyer receives trust funds that are deposited in an IOLTA account or any other pooled trust account. The lawyer shall record each receipt and disbursement of a client's or 3rd party's funds and the balance following each transaction. A lawyer shall not disburse funds from an IOLTA account or any pooled trust account that would create a negative balance with respect to any individual client or matter.

[13] The referee recommends that the court dismiss Count 18 alleging violations of SCR 20:1.15(b)(6), deeming this charge duplicative of other counts alleged and proven.

did not maintain transaction registers, subsidiary ledgers, or individual client ledgers; failed to maintain trust account balances; converted sums of $15,760.47 through web or Internet transactions; failed to promptly deliver settlement proceeds to clients; made improper cash disbursements; and failed to pay storage fees, thereby failing to safeguard client records.

¶ 34. The amended complaint alleged and the referee determined that Attorney Ramthun violated SCR 20:1.16(d)[14] when he failed to deliver a client's file to successor counsel (Count 4).

¶ 35. The amended complaint alleged and the referee determined that Attorney Ramthun failed to provide to opposing counsel signed releases and a signed stipulation and order for dismissal, in violation of SCR 20:3.2[15] (Count 30).

¶ 36. The amended complaint alleged and the referee determined that Attorney Ramthun failed to comply with a June 17, 2014 order entered by Circuit Court Judge Christopher Foley that resulted in the

---

[14] SCR 20:1.16(d) provides:

> Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law.

[15] SCR 20:3.2 provides that "[a] lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client."

dismissal of his client's case, and also failed to respond to routine discovery requests, both in violation of SCR 20:3.4[16] (Counts 32 and 43).

¶ 37. The amended complaint alleged and the referee determined that Attorney Ramthun instructed his staff to make false statements regarding the payment of an outstanding balance to a creditor, in violation of SCR 20:5.3[17] (Count 20).

¶ 38. The amended complaint alleged and the referee determined that Attorney Ramthun repeatedly

---

[16] SCR 20:3.4 provides, in relevant part:

A lawyer shall not:

. . .

(c) knowingly disobey an obligation under the rules of a tribunal, except for an open refusal based on an assertion that no valid obligation exists;

(d) in pretrial procedure, make a frivolous discovery request or fail to make reasonably diligent effort to comply with a legally proper discovery request by an opposing party[.]

[17] SCR 20:5.3 provides, in relevant part:

With respect to a nonlawyer employed or retained by or associated with a lawyer:

. . .

(b) a lawyer having direct supervisory authority over the nonlawyer shall make reasonable efforts to ensure that the person's conduct is compatible with the professional obligations of the lawyer; and

(c) a lawyer shall be responsible for conduct of such a person that would be a violation of the Rules of Professional Conduct if engaged in by a lawyer if:

(1) the lawyer orders or, with the knowledge of the specific conduct, ratifies the conduct involved[.]

25

violated SCR 20:8.4(c),[18] which prohibits conduct involving fraud, deceit, or misrepresentation (Counts 13, 31, 36, and 40).[19] Attorney Ramthun engaged in more than one instance of conversion of trust account funds. Attorney Ramthun was also dishonest to clients, assuring one client that her case was moving along when, in fact, it has been dismissed for failure to prosecute, and falsely assuring another client that he had sent a letter to a judge requesting that the client's case be reopened when the letter was not sent.

■■

¶ 39. The amended complaint alleged and the referee determined that Attorney Ramthun violated SCR 22.03(2),[20] enforced via SCR 20:8.4(h),[21] by re-

---

[18] SCR 20:8.4(c) provides that it is professional misconduct for a lawyer to "engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

[19] The referee recommends dismissal of Count 27 alleging a violation of SCR 20:8.4(c), deeming the allegation duplicative of other charges.

[20] SCR 22.03(2) provides:

> Upon commencing an investigation, the director shall notify the respondent of the matter being investigated unless in the opinion of the director the investigation of the matter requires otherwise. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct within 20 days after being served by ordinary mail a request for a written response. The director may allow additional time to respond. Following receipt of the response, the director may conduct further investigation and may compel the respondent to answer questions, furnish documents, and present any information deemed relevant to the investigation.

[21] SCR 20:8.4(h) provides that it is professional misconduct for a lawyer to "fail to cooperate in the investigation of a grievance filed with the office of lawyer regulation as required by SCR 21.15(4), SCR 22.001(9)(b), SCR 22.03(2), SCR 22.03(6), or SCR 22.04(1)."

peatedly failing to cooperate with the OLR's investigations (Counts 19, 21, 33, 37, 41, 46, and 51).

¶ 40. The amended complaint alleged and the referee determined that Attorney Ramthun failed to communicate with the OLR, failed to provide information to the OLR relating to pending grievances, and misrepresented to the OLR why he failed to immediately make payment in client matters, all in violation of SCR 22.03(6),[22] actionable pursuant to SCR 20:8.4(h) (Counts 12, 15, 16, 19, 21, 33, 37, and 41).[23]

¶ 41. The amended complaint alleged and the referee determined that Attorney Ramthun violated SCR 22.26(1)[24] when he failed to notify a client that he had been suspended from the practice of law (Count 42).

---

[22] SCR 22.03(6) provides that "[i]n the course of the investigation, the respondent's wilful failure to provide relevant information, to answer questions fully, or to furnish documents and the respondent's misrepresentation in a disclosure are misconduct, regardless of the merits of the matters asserted in the grievance."

[23] The referee recommends that the court dismiss Counts 47 and 52 alleging violations of SCR 22.03(6), actionable pursuant to SCR 20:8.4(h), deeming these charges duplicative of other counts alleged and proven.

[24] SCR 22.26(1) provides:

On or before the effective date of license suspension or revocation, an attorney whose license is suspended or revoked shall do all of the following:

(a) Notify by certified mail all clients being represented in pending matters of the suspension or revocation and of the attorney's consequent inability to act as an attorney following the effective date of the suspension or revocation.

¶ 42. We conclude that the referee's findings of fact are supported by satisfactory and convincing evidence. We thus turn to the question of the appropriate discipline for Attorney Ramthun's misconduct.

¶ 43. The OLR recommended a three-year suspension of Attorney Ramthun's license to practice law.

(b) Advise the clients to seek legal advice of their choice elsewhere.

(c) Promptly provide written notification to the court or administrative agency and the attorney for each party in a matter pending before a court or administrative agency of the suspension or revocation and of the attorney's consequent inability to act as an attorney following the effective date of the suspension or revocation. The notice shall identify the successor attorney of the attorney's client or, if there is none at the time notice is given, shall state the client's place of residence.

(d) Within the first 15 days after the effective date of suspension or revocation, make all arrangements for the temporary or permanent closing or winding up of the attorney's practice. The attorney may assist in having others take over clients' work in progress.

(e) Within 25 days after the effective date of suspension or revocation, file with the director an affidavit showing all of the following:

(i) Full compliance with the provisions of the suspension or revocation order and with the rules and procedures regarding the closing of the attorney's practice.

(ii) A list of all jurisdictions, including state, federal and administrative bodies, before which the attorney is admitted to practice.

(iii) A list of clients in all pending matters and a list of all matters pending before any court or administrative agency, together with the case number of each matter.

(f) Maintain records of the various steps taken under this rule in order that, in any subsequent proceeding instituted by or against the attorney, proof of compliance with the rule and with the suspension or revocation order is available.

The referee recommended a suspension of two years and six months. The referee observed that Attorney Ramthun engaged in multiple acts of misconduct between the years 2007 through 2014, but noted that Attorney Ramthun had not previously been disciplined in the preceding three decades of practicing law. The referee also acknowledged the difficult circumstances that Attorney Ramthun disclosed, but noted that these uncorroborated statements cannot constitute good cause for or otherwise excuse Attorney Ramthun's misconduct. Indeed, the referee deemed it "particularly disturbing that Attorney Ramthun repeatedly has ignored his duty to act on behalf of clients or to timely respond to a court or an OLR investigation."

¶ 44. We accept the referee's recommendation and agree that a suspension of two years and six months is appropriate. We agree that there are aggravating circumstances here, including the multiple offenses and pervasive pattern of misconduct. However, we acknowledge that Attorney Ramthun's lack of previous disciplinary history warrants some consideration. A suspension of two years and six months in this case is sufficient and consistent with prior disciplinary decisions as well. *See, e.g., In re Disciplinary Proceedings Against Dahle,* 2015 WI 29, 361 Wis. 2d 430, 862 N.W.2d 582 (lawyer with no previous disciplinary history suspended for two years and six months for 55 counts of misconduct including trust account violations, misconduct pursuant to SCR 20:8.4(c), and failure to cooperate with OLR investigations); *In re Disciplinary Proceedings Against Cooper,* 2013 WI 55, 348 Wis. 2d 266, 833 N.W.2d 88 (lawyer suspended for two years for 42 counts of misconduct committed in nine client matters); *In re Disciplinary Proceedings Against Tully,* 2005 WI 100, 283 Wis. 2d 124, 699 N.W.2d 882

(lawyer with no prior disciplinary history suspended for two years for 29 counts of misconduct in multiple client matters).

¶ 45. We next consider restitution. The OLR filed a restitution statement on August 3, 2015, indicating that restitution was warranted in two client matters. The referee made findings and recommendations consistent with the OLR's position. We agree with the referee's recommendation and direct Attorney Ramthun to pay restitution to MCMP (R.O. and A.O. matter) in the amount of $4,152.23, and to J.J. (Counts 38–42) in the amount of $1,955.00.

¶ 46. We also adopt the referee's recommendation that, as a condition of any future reinstatement, Attorney Ramthun must demonstrate that he has successfully completed a total of 20 hours of CLE ethics and trust account courses.

¶ 47. Attorney Ramthun is further ordered to pay the full costs of this proceeding, which total $8,040.99 as of August 4, 2015. Attorney Ramthun has not alleged any factors that would justify a reduction in costs.

¶ 48. IT IS ORDERED that the license of Phillip J. Ramthun to practice law in Wisconsin is suspended for a period of two years and six months, effective the date of this order.

¶ 49. IT IS FURTHER ORDERED that Phillip J. Ramthun shall pay restitution to the Milwaukee County Medical Plan (in regards to the R.O. and A.O. matter) in the amount of $4,152.23, and to J.J. (Counts 38–42) in the amount of $1,955.00.

¶ 50. IT IS FURTHER ORDERED that within 60 days of the date of this order, Phillip J. Ramthun shall pay to the Office of Lawyer Regulation the costs of this

proceeding. If the costs are not paid within the time specified, and absent a showing to this court of his inability to pay the costs within that time, the license of Phillip J. Ramthun to practice law in Wisconsin shall remain suspended until further order of the court.

¶ 51. IT IS FURTHER ORDERED that the restitution specified above is to be completed prior to paying costs to the Office of Lawyer Regulation.

¶ 52. IT IS FURTHER ORDERED that, as a condition of any future reinstatement, Phillip J. Ramthun must demonstrate that he has successfully completed a total of 20 hours of continuing legal education ethics and trust account courses.

¶ 53. IT IS FURTHER ORDERED that, to the extent he has not already done so, Phillip J. Ramthun shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.