# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2016AP1890-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Daniel J. Rostollan, Attorney at Law: |
| | Office of Lawyer Regulation, |
| |    Complainant, |
| |   v. |
| | Daniel J. Rostollan, |
| |    Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST ROSTOLLAN

| | |
|---|---|
| OPINION FILED: | April 18, 2018 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
|  COURT: | |
|  COUNTY: | |
|  JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
|  CONCURRED: | |
|  DISSENTED: | |
|  NOT PARTICIPATING: | |

| | |
|---|---|
| ATTORNEYS: | |

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No.   2016AP1890-D

STATE OF WISCONSIN                  :        IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Daniel J. Rostollan, Attorney at Law:**

**Office of Lawyer Regulation,**

   **Complainant,**

 **v.**

**Daniel J. Rostollan,**

   **Respondent.**

**FILED**

**APR 18, 2018**

Sheila T. Reiff
Clerk of Supreme Court

ATTORNEY disciplinary proceeding.  *Attorney's license suspended.*

¶1   PER CURIAM.   We review Referee Jonathan V. Goodman's amended report recommending that this court suspend Attorney Daniel J. Rostollan's license to practice law in Wisconsin for a period of two years and direct him to pay restitution as well as the costs of this proceeding.

¶2   No appeal has been filed so we review the referee's report pursuant to Supreme Court Rule (SCR) 22.17(2).   After conducting an independent review of the matter, we agree that

Attorney Rostollan should be deemed to have defaulted, we accept and adopt the referee's findings of fact and conclusions of law, which are based on the allegations of the complaint filed by the Office of Lawyer Regulation (OLR). We agree that Attorney Rostollan's law license should be suspended for two years and that he should be directed to pay restitution. We impose the full costs of this proceeding on Attorney Rostollan, which are $2,663.71 as of January 30, 2018.

¶3 Attorney Rostollan was admitted to practice law in Wisconsin in 1983. He has not previously been disciplined. However, while this matter was pending, this court granted the OLR's request and temporarily suspended Attorney Rostollan's license to practice law for failure to cooperate in a new and separate disciplinary investigation. As of the date of this order, his license is suspended. See Office of Lawyer Regulation v. Daniel J. Rostollan, No. 2018XX173-D, unpublished order (S. Ct. April 9, 2018).

¶4 On September 30, 2016, the OLR filed a complaint against Attorney Rostollan alleging 21 counts of professional misconduct.

¶5 Attorney Rostollan filed an answer and asserted, inter alia, that his practice was adversely affected by depression and family issues. He also stated that he had reimbursed former client, R.W. Thereafter, however, he failed to respond to discovery requests and on June 5, 2017, the OLR moved for a default judgment. On July 11, 2017, the referee advised

2

Attorney Rostollan that he had seven days to respond to the default motion. Attorney Rostollan did not respond.

¶6 On July 31, 2017, the referee issued an initial report and recommendation, recommending the court deem Attorney Rostollan to have defaulted, finding the facts as alleged in the OLR's complaint as true, and concluding that Attorney Rostollan had committed the alleged misconduct. The referee recommended we suspend Attorney Rostollan's license to practice law for two years and recommended that Attorney Rostollan be ordered to pay restitution to R.W.

¶7 The court identified some factual and procedural issues with the report and, on November 13, 2017, remanded the matter to the referee for additional information, with directions to file a supplemental report.

¶8 On remand, Attorney Rostollan indicated he wanted to participate in this proceeding. The referee conducted a hearing on December 5, 2017, at which Attorney Rostollan appeared. The referee afforded him an opportunity to respond to discovery, but Attorney Rostollan then failed to respond.

¶9 Accordingly, the referee filed a supplemental report on January 10, 2018, including additional information requested by this court and confirming the previous recommendation. Neither party has appealed so we consider the amended report pursuant to SCR 22.17(2).

¶10 We review a referee's findings of fact subject to the clearly erroneous standard. See In re Disciplinary Proceedings Against Eisenberg, 2004 WI 14, ¶5, 269 Wis. 2d 43,

3

675 N.W.2d 747. We review the referee's conclusions of law de novo. Id. We determine the appropriate level of discipline independent of the referee's recommendation. See In re Disciplinary Proceedings Against Widule, 2003 WI 34, ¶44, 261 Wis. 2d 45, 660 N.W.2d 686.

¶11 First, in light of Attorney Rostollan's failure to consistently appear or participate in this case, we accept the referee's finding that Attorney Rostollan's conduct was egregious such that his answer should be stricken and he should be deemed to have defaulted.

¶12 The referee's findings of fact are based on the allegations in the complaint. They have not been shown to be clearly erroneous, and we adopt them. We also accept the conclusions of law that flow from those findings.

¶13 The first nine counts of the complaint pertain to Attorney Rostollan's representation of R.W. In 2012, R.W. retained Attorney Rostollan to file a Chapter 13 bankruptcy petition on his behalf and to represent him in certain adversary claims.

¶14 There were a number of problems with Attorney Rostollan's representation of R.W. These included no written fee agreement or disclosures, mishandling of the bankruptcy proceeding, mishandling of trust funds, and various misrepresentations that Attorney Rostollan made to his client, the court, and the OLR.

¶15 On July 23, 2013, Attorney Rostollan filed the requested Chapter 13 bankruptcy petition in the Eastern District

4

of Wisconsin. The bankruptcy court dismissed this petition, so Attorney Rostollan filed a second petition, with documents required for two related adversary proceedings. He then filed inaccurate bankruptcy schedules, and electronically affixed R.W.'s signature to these filings, potentially exposing R.W. to charges of perjury and endangering the bankruptcy matter.

¶16 Attorney Rostollan also informed the bankruptcy court that he had charged R.W. $4,000 for the bankruptcy action but later acknowledged that he had charged R.W. an additional $4,690 for related adversary actions without disclosing these additional fees to the bankruptcy court.

¶17 The bankruptcy court has established a presumptively reasonable fee of $4,000 for Chapter 13 cases. If attorney fees will exceed the presumptively reasonable amount, the attorney must disclose the additional fees to the bankruptcy court. 11 U.S. Code § 329, Rule 2016(b). Additionally, it is the bankruptcy court's policy that fees in addition to a presumptively reasonable fee must be approved by the court under local Rule 20.16.

¶18 Meanwhile, R.W. gave Attorney Rostollan a $36,000 check, representing life insurance proceeds that Attorney Rostollan was to hold in trust for R.W. On April 9, 2013, Attorney Rostollan deposited these funds into his trust account, yielding a balance of $36,020.

¶19 Over several months, Attorney Rostollan transferred money in and out of various accounts. On April 10, 2013, Attorney Rostollan disbursed $4,281 from his trust account to

5

his business account, leaving $31,719 in trust.  On June 12, 2013, Attorney Rostollan disbursed $5,000 to R.W.  Between April and mid-August 2013, Attorney Rostollan transferred almost all of the remaining funds from his trust account into his business account.  By May 30, 2014, Attorney Rostollan's trust account balance was $10.

¶20  In July 2014, Attorney Rostollan sent R.W. an accounting stating that only $1,500 remained from the insurance proceeds and that some $36,000 had been expended on debts, adversary claims, and legal fees.  R.W. questioned this accounting.

¶21  In August 2014, Attorney Rostollan sent R.W. a second accounting, this time stating that $14,784 remained in trust.  Meanwhile, on August 15, 2014, Attorney Rostollan deposited $29,407.53 belonging to another client, M.Z., into his trust account.  The next day, Attorney Rostollan wrote a check to R.W. in the amount of $14,784.24 with a memo line stating "balance from trust account."  At most, $10 of those funds actually belonged to R.W.  Attorney Rostollan failed to disclose his conversion of R.W.'s funds.

¶22  The OLR received notice of an overdraft in Attorney Rostollan's trust account and commenced an investigation.  Attorney Rostollan sent the OLR fabricated and misleading trust account ledgers that omitted deposit information, internet transfers, and included non-existent disbursements, and transactions.  Attorney Rostollan also made misrepresentations to the OLR orally and in writing regarding the source and use of

6

funds in his trust account. On March 3, 2015, the OLR requested additional information from Attorney Rostollan. Attorney Rostollan failed to fully and timely respond. Eventually, this court issued an order directing Attorney Rostollan to show cause why his license should not be suspended for non-cooperation. This prompted Attorney Rostollan to respond, so the OLR withdrew its motion.

¶23 Based on the allegations in the complaint, the referee concluded that:

- By failing to communicate in writing to R.W. the rate and basis for all of the fees he intended to charge related to the representation, and also by failing to state in writing the purpose and effect of any advanced fee payment, Attorney Rostollan violated SCR 20:1.5(b)(1)[1] and (2)[2] (Count 1);

---

[1] SCR 20.1.5(b)(1) provides:

The scope of the representation and the basis or rate of the fee and expenses for which the client will be responsible shall be communicated to the client in writing, before or within a reasonable time after commencing the representation, except when the lawyer will charge a regularly represented client on the same basis or rate as in the past. If it is reasonably foreseeable that the total cost of representation to the client, including attorney's fees, will be $1000 or less, the communication may be oral or in writing. Any changes in the basis or rate of the fee or expenses shall also be communicated in writing to the client.

[2] SCR 20:1.5(b)(2) provides: "If the total cost of representation to the client, including attorney's fees, is more than $1000, the purpose and effect of any retainer or advance fee that is paid to the lawyer shall be communicated in writing."

7

- By failing to safeguard and hold in trust client funds, Attorney Rostollan violated SCR 20:1.15(b)(1)[3] (Count 2);

- By converting client funds to his own use or for the use of other clients, Attorney Rostollan violated SCR 20:8.4(c)[4] (Count 3);

- By making misrepresentations to R.W. regarding his handling of R.W.'s funds, Attorney Rostollan violated SCR 20:8.4(c) (Count 4);

- By failing to disclose to the United States Bankruptcy Court for the Eastern District of Wisconsin that he intended to charge and/or that he charged R.W. fees related to the adversary proceedings in addition to the $4,000 fee, Attorney Rostollan failed to comply with 11 U.S. Code § 329, Rule 2016(b) of the Federal Rules of Bankruptcy Procedure, and the Eastern District's local policy, in violation of SCR 20:3.4(c)[5] (Count 5);

- By filing with the United States Bankruptcy Court for the Eastern District of Wisconsin documents related to R.W.'s bankruptcy that included false

---

[3] SCR 20:1.15(b)(1) provides:

A lawyer shall hold in trust, separate from the lawyer's own property, that property of clients and 3rd parties that is in the lawyer's possession in connection with a representation. All funds of clients and 3rd parties paid to a lawyer or law firm in connection with a representation shall be deposited in one or more identifiable trust accounts.

[4] SCR 20:8.4(c) provides: "It is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

[5] SCR 20:3.4(c) provides: "A lawyer shall not knowingly disobey an obligation under the rules of a tribunal, except for an open refusal based on an assertion that no valid obligation exists."

8

and/or inaccurate information, Attorney Rostollan violated SCR 20:8.4(c) (Count 6);

- By acting under a concurrent conflict of interest by representing R.W. in the bankruptcy proceedings after R.W. had claims against Attorney Rostollan for misuse of R.W.'s funds, Attorney Rostollan violated SCR 20:1.7(a)(2)[6] (Count 7);

- By making deposits in and disbursements from his trust account via internet banking transactions,

---

[6] SCR 20:1.7(a)(2) provides:

Except as provided in par. (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if;

. . .

(2) there is a significant risk that the representation of one or more clients will be materially limited by a personal interest of the lawyer.

(b) Notwithstanding the existence of a concurrent conflict of interest under par. (a), a lawyer may represent a client if:

(1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;

(2) the representation is not prohibited by law;

(3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and

(4) each affected client gives informed consent, confirmed in a writing signed by the client.

> Attorney    Rostollan    violated    former
> SCR 20:1.15(e)(4)c[7] (Count 8);

- By failing to timely file responses to the OLR's investigative letters, and by making misrepresentations to the OLR during its investigation, Attorney Rostollan violated SCR 22.03(2)[8] and (6),[9] enforceable via SCR 20:8.4(h)[10] (Count 9).

_____

[7] Effective July 1, 2016, substantial changes were made to Supreme Court Rule 20:1.15, the "trust account rule." See S. Ct. Order 14-07, (issued Apr. 4, 2016, eff. July 1, 2016). Because the conduct underlying this case arose prior to July 1, 2016, unless otherwise indicated, all references to the supreme court rules will be to those in effect prior to July 1, 2016.

Former SCR 20:1.15(e)(4)c provided: "A lawyer shall not make deposits to or disbursements from a trust account by way of an Internet transaction."

[8] SCR 22.03(2) provides:

Upon commencing an investigation, the director shall notify the respondent of the matter being investigated unless in the opinion of the director the investigation of the matter requires otherwise. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct within 20 days after being served by ordinary mail request for a written response. The director may allow additional time to respond. Following receipt of the response, the director may conduct further investigation and may compel the respondent to answer questions, furnish documents, and present any information deemed relevant to the investigation.

[9] SCR 22.03(6) provides:

In the course of the investigation, the respondent's wilful failure to provide relevant information, to answer questions fully, or to furnish documents and the respondent's misrepresentation in a disclosure are misconduct, regardless of the merits of the matters asserted in the grievance.

10

¶24 The next nine counts alleged involved Attorney Rostollan's representation of clients in a Chapter 13 bankruptcy petition.   The clients, who will jointly be called "E.A.", informed Attorney Rostollan that they wished to file their petition promptly.   There was no written fee or representation agreement.  Attorney Rostollan delayed until the clients indicated they intended to hire another attorney.   At that point, Attorney Rostollan filed the Chapter 13 petition, but failed to file a fee disclosure statement or a Chapter 13 plan. Attorney Rostollan emailed the clients an affidavit for E.A. to sign and return.   The client signed the emailed affidavit outside of Attorney Rostollan's presence, yet Attorney Rostollan notarized it.

¶25 The bankruptcy court dismissed the matter because no Chapter 13 plan had been filed.  Attorney Rostollan moved the court to reconsider dismissal of the bankruptcy, but did so without informing E.A. of the dismissal or his plans to file a reconsideration motion.   Attorney Rostollan filed his fee disclosure with the bankruptcy court, indicating that he was to be paid $2,750 to represent the clients, none of which had been paid.

---

[10] SCR 20:8.4(h) provides:  "It is professional misconduct for a lawyer to fail to cooperate in the investigation of a grievance filed with the office of lawyer regulation as required by SCR 21.15(4), SCR 22.001(9)(b), SCR 22.03(2), SCR 22.03(6), or SCR 22.04(1)."

¶26 On November 12, 2015, Attorney Rostollan sent E.A. a proposed Chapter 13 plan, disclosed that the court had dismissed their case, but said he had filed a reconsideration motion. On November 14, 2015, E.A. terminated Attorney Rostollan's representation.

¶27 On November 17, 2015, Attorney Rostollan appeared on E.A.'s behalf at a bankruptcy hearing on his motion for reconsideration, without telling the court that the clients had terminated him. Attorney Rostollan told the court that E.A. had agreed to a Chapter 13 plan, while her spouse had not. In fact, Attorney Rostollan had not presented a plan to the clients until after the dismissal. The court denied the reconsideration motion, citing the clients' alleged inability to agree on a Chapter 13 plan as not excusable neglect.

¶28 The OLR alleged and the referee concluded:

- By failing to communicate the rate and basis of his fees, and any changes in the rate and basis of his fees, in writing to the clients, Attorney Rostollan violated SCR 20:1.5(b)(1) (Count 10);

- By depositing the $300 the clients paid to him in his business account, Attorney Rostollan violated former SCR 20:1.15(b)(4) (Count 11);[11]

---

[11] Former SCR 20:1.15(b)(4) provided:

Except as provided in par. (4m) unearned fees and advanced payments of fees shall be held in trust until earned by the lawyer, and withdrawn pursuant to sub. (g). Funds advanced by a client or 3rd party for payment of costs shall be held in trust until the costs are incurred.

12

- By failing to take the steps necessary to file the Chapter 13 plan, or to file a motion for an extension of time to file the plan, Attorney Rostollan violated SCR 20:1.3[12] (Count 12);

- By failing to clearly and accurately communicate with the clients when their Chapter 13 petition would be filed, and failing to inform them of the dismissal of their Chapter 13 bankruptcy or of his intent to file a motion to reconsider the dismissal until after the motion was filed, Attorney Rostollan in each instance violated SCR 20:1.4(a)(3)[13] (Count 13);

- By appearing on behalf of the clients at the November 17, 2015 hearing without advising the court that they had terminated or attempted to terminate his representation, and without clarifying with the clients whether they wished for him to appear on their behalf or the steps they would need to take to protect their own interests if they did not wish for him to appear, Attorney Rostollan violated SCR 20:1.16(a)(3) and (d)[14] (Count 14);

---

[12] SCR 20:1.3 provides: "A lawyer shall act with reasonable diligence and promptness in representing a client."

[13] SCR 20:1.4(a)(3) provides: "A lawyer shall keep the client reasonably informed about the status of the matter."

[14] SCR 20:1.16(a)(3) and (d) provides:

Except as stated in par. (c), a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if:

. . .

(3) the lawyer is discharged.

. . .

(d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving

(continued)

- By making false statements to the bankruptcy court, and/or by failing to correct false statements previously made to the bankruptcy court, Attorney Rostollan violated SCR 20:3.3(a)(1)[15] (Count 15);

- By causing, or failing to correct, the bankruptcy court's mistaken belief that the clients had been presented with a Chapter 13 plan for signature prior to the dismissal of their case and had failed to agree to that plan, causing or contributing to the failure of a plan to be timely filed, Attorney Rostollan violated SC 20:8.4(c) (Count 16);

- By notarizing the affidavit signed by E.A., thereby asserting that it had been "Subscribed and sworn to before me," even though E.A. did not sign the affidavit in front of him, Attorney Rostollan violated SCR 20:8.4(c) (Count 17);

- By making misrepresentations to the OLR during the course of its investigation of the clients' matter, Attorney Rostollan violated SCR 22.03(6), enforceable via SCR 20:8.4(h) (Count 18).

¶29 In May 2015, J.V.E. filed a grievance against Attorney Rostollan. The OLR requested certain information but Attorney Rostollan did not timely respond, despite repeated requests. This court ordered Attorney Rostollan to show cause why his

---

reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law.

[15] SCR 20:3.3(a)(1) provides: "A lawyer shall not knowingly make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer."

14

license to practice law should not be suspended. Attorney Rostollan did not respond and, on December 2, 2015, Attorney Rostollan's license to practice law was temporarily suspended.

¶30 On December 8, 2015, Attorney Rostollan appeared at two bankruptcy hearings on behalf of clients, despite the fact that his license was temporarily suspended.

¶31 On January 19, 2016, Attorney Rostollan provided a response sufficient to allow the OLR to continue its investigation, and Attorney Rostollan's license to practice law was reinstated. On January 25, 2016, Attorney Rostollan disclosed that he had practiced law during his license suspension.

¶32 On February 4, 2016, the OLR requested Attorney Rostollan provide it with additional information but Attorney Rostollan failed to timely respond. Again, this court ordered Attorney Rostollan to show cause why his license to practice law should not be suspended. Attorney Rostollan responded and the OLR withdrew its motion.

¶33 The OLR alleged and the referee concluded:

- By failing to timely file a response to the OLR's July 31, 2015 letter in the J.V.E. matter, Attorney Rostollan violated SCR 22.03(2) and (6), enforceable via SCR 20:8.4(h) (Count 19);

- By practicing law in Wisconsin at a time when his license to practice law was suspended, Attorney Rostollan violated SCR 22.26(2) (Count 20);[16]

---

[16] SCR 22.26(2) provides:

(continued)

15

- By failing to timely file a response to the OLR's February 4, 2016 letter, Attorney Rostollan violated SCR 22.03(2) and (6), via SCR 20:8.4(h) (Count 21).

¶34 Having accepted the referee's conclusions of law, we turn to the appropriate discipline for Attorney Rostollan's misconduct. While no two disciplinary cases are identical, we agree that In re Disciplinary Proceedings Against Ramthun, 2015 WI 94, 365 Wis. 2d 7, 869 N.W.2d 775, supports the referee's recommendation for a two-year license suspension. Like Attorney Rostollan, Attorney Ramthun had no prior formal disciplinary history, initially participated in the matter but later defaulted, and cited extenuating medical issues as a reason for his failure to abide by the rules of professional misconduct. He was suspended for two and one-half years for 46 counts of misconduct that included failure to respond to pleadings, failure to appear at court proceedings, failure to communicate, trust account anomalies, including conversion of a portion of the client funds, and failure to cooperate with the OLR, including making misrepresentations. We agree that a two-year

---

An attorney whose license to practice law is suspended or revoked or who is suspended from the practice of law may not engage in this state in the practice of law or in any law work activity customarily done by law students, law clerks, or other paralegal personnel, except that the attorney may engage in law related work in this state for a commercial employer itself not engaged in the practice of law.

16

license suspension is required to impress on Attorney Rostollan the seriousness of his extensive misconduct.

¶35  The OLR requested we order Attorney Rostollan to pay $4,690 in restitution to R.W.  In his initial report the referee agreed and recommended restitution in the amount on $4,690.  In his supplemental report, however, the referee recommended $1,690.  In response to an inquiry from the court, the referee confirmed this was a typographical error; the referee recommends restitution in the amount of $4,690.  We accept this recommendation.  Further, consistent with our standard practice, we impose the costs of this proceeding on Attorney Rostollan which are $2,663.71 as of January 30, 2018.

¶36  IT IS ORDERED that the license of Daniel J. Rostollan to practice law in Wisconsin is suspended for a period of two years, effective the date of this order.

¶37  IT IS FURTHER ORDERED that Daniel J. Rostollan shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

¶38  IT IS FURTHER ORDERED that within 60 days of the date of this order, Daniel J. Rostollan shall pay restitution to his former client, R.W., in the amount of $4,690.

¶39  IT IS FURTHER ORDERED that within 60 days of the date of this order, Daniel J. Rostollan shall pay to the Office of Lawyer Regulation the costs of this proceeding.

¶40 IT IS FURTHER ORDERED that the restitution is to be completed prior to paying costs to the Office of Lawyer Regulation.