# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE No.: | 2018AP2473-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Ryan P. Thompson, Attorney at Law: |
| | Office of Lawyer Regulation, |
| | Complainant, |
| | v. |
| | Ryan P. Thompson, |
| | Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST THOMPSON

| | |
|---|---|
| OPINION FILED: | October 16, 2018 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | |
| COUNTY: | |
| JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
| CONCURRED: | |
| DISSENTED: | |
| NOT PARTICIPATING: | |

ATTORNEYS:

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No.    2017AP2473-D

STATE OF WISCONSIN                    :        IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Ryan P. Thompson, Attorney at Law:**

**Office of Lawyer Regulation,**

        **Complainant,**

    **v.**

**Ryan P. Thompson,**

        **Respondent.**

**FILED**

**OCT 16, 2018**

Sheila T. Reiff
Clerk of Supreme Court

ATTORNEY    disciplinary    proceeding.    *Attorney's license suspended.*

¶1    PER CURIAM.    We review the report and recommendation of Referee James W. Mohr, Jr., concluding that Attorney Ryan P. Thompson committed 16 counts of professional misconduct and recommending the court suspend his law license for 15 months, order him to pay restitution to one client, A.K., and impose the costs of this proceeding on him.

¶2    Upon careful review of this matter, we uphold the referee's findings of fact and conclusions of law and agree that

a 15-month suspension is an appropriate sanction for Attorney Thompson's misconduct. We further agree that Attorney Thompson should pay restitution to A.K. in the amount of $1,000. We also find it appropriate to impose the full costs of this proceeding on Attorney Thompson, which are $7,370.73 as of August 24, 2018.

¶3 Attorney Thompson was admitted to practice law in Wisconsin in 2006. He has not previously been professionally disciplined but his law license was suspended on May 6, 2016, for willful failure to cooperate with an Office of Lawyer Regulation (OLR) investigation into the misconduct giving rise to this matter. It remains suspended.

¶4 On December 20, 2017, the OLR filed a disciplinary complaint alleging 16 counts of misconduct. Attorney Thompson filed an answer in which he admitted many of the factual allegations. Referee Mohr conducted a hearing on July 10, 2018. Attorney Thompson appeared, but elected not to attend the hearing. Before the hearing commenced, however, Attorney Thompson and the OLR advised the referee that they would stipulate to the discipline recommended in the OLR complaint, except for requested restitution for C.W., which Attorney Thompson had paid. The parties stipulated that the restitution claim on behalf of A.K. could abide by the proof in the record. The parties additionally contemplated that restitution could be made as a condition of reinstatement. The OLR called two witnesses. The parties waived the opportunity for post-hearing briefing and the referee issued his report on August 6, 2018.

2

¶5 No appeal has been filed so we consider this matter under SCR 22.17(2).[1] The facts set forth in this decision are based on the referee's factual findings which have not been shown to be clearly erroneous in any respect. The findings derive, in turn, from the OLR's complaint, Attorney Thompson's answer, the facts to which the parties stipulated before the evidentiary hearing, and evidence from the hearing itself.

Matter of A.K. (Counts 1 & 2)

¶6 In 2014, A.K. retained Attorney Thompson and paid him a $1,000 retainer. Shortly thereafter, she elected not to pursue her legal claim. Since January 2015, A.K. has repeatedly asked Attorney Thompson to refund the unearned portion of her advanced fee. Attorney Thompson failed to provide A.K. with an invoice, a written notice of intent to remove her funds from trust, an accounting, to return any unearned portion of her advanced fees, or to provide an explanation as to why he did not owe her a refund.

¶7 In September 2015, A.K. filed a grievance against Attorney Thompson with the OLR. Attorney Thompson failed to

---

[1] SCR 22.17(2) provides:

    If no appeal is filed timely, the supreme court shall review the referee's report; adopt, reject or modify the referee's findings and conclusions or remand the matter to the referee for additional findings; and determine and impose appropriate discipline. The court, on its own motion, may order the parties to file briefs in the matter.

respond and, ultimately, on May 6, 2016, this court issued an order suspending Attorney Thompson's license to practice law due to his willful failure to cooperate with the OLR's investigation.

¶8 The complaint alleged and the referee concluded that, based on Attorney Thompson's own admission, by failing to refund the unearned portion of A.K.'s fees or, in the alternative, to timely explain to A.K. why she was not due a refund, Attorney Thompson violated SCR 20:1.16(d)[2] (Count 1).

¶9 The complaint alleged and the referee concluded that, by failing to file a written response to OLR's November 17, 2015 letter, Attorney Thompson willfully violated SCRs 22.03(2)[3] and (6),[4] enforced via SCR 20:8.4(h)[5] (Count 2).

---

[2] SCR 20:1.16(d) provides:

Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law.

[3] SCR 22.03(2) provides:

Upon commencing an investigation, the director shall notify the respondent of the matter being investigated unless in the opinion of the director the investigation of the matter requires otherwise. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct within 20 days after being served by ordinary mail a request for a written response. The director may

(continued)

4

Matter of C.W. (Counts 3-8)

¶10 In November 2014, C.W. hired Attorney Thompson to represent her in an employment matter. She signed a legal services agreement and paid Attorney Thompson a $2,500 advance fee. Attorney Thompson told C.W. he would file a claim alleging a violation of the Wisconsin Family Medical Leave Act (FMLA) and a disability discrimination claim on her behalf.

¶11 On December 12, 2014, Attorney Thompson duly filed C.W.'s state FMLA complaint with the Wisconsin Department of Workforce and Development. On February 18, 2015, the complaint was denied. Attorney Thompson did not appeal and, in March 2015, the case was closed.

¶12 After her state FMLA claim was denied, Attorney Thompson told C.W. that he would file a federal disability discrimination and federal FMLA claim on her behalf. He failed

---

allow additional time to respond. Following receipt of the response, the director may conduct further investigation and may compel the respondent to answer questions, furnish documents, and present any information deemed relevant to the investigation.

[4] SCR 22.03(6) provides: "In the course of the investigation, the respondent's wilful failure to provide relevant information, to answer questions fully, or to furnish documents and the respondent's misrepresentation in a disclosure are misconduct, regardless of the merits of the matters asserted in the grievance."

[5] SCR 20:8.4(h) provides: "It is professional misconduct for a lawyer to fail to cooperate in the investigation of a grievance filed with the office of lawyer regulation as required by SCR 21.15(4), SCR 22.001(9)(b), SCR 22.03(2), SCR 22.03(6), or SCR 22.04(1)."

to file any other claims on C.W.'s behalf within the statutory period allowed to pursue those claims and he did not inform C.W. he would not file any additional claims on her behalf.

¶13 Subsequently, C.W. made numerous telephone calls to Attorney Thompson and sent him emails and text messages requesting information regarding the status of her case. Attorney Thompson failed to respond.

¶14 On May 6, 2016, this court suspended Attorney Thompson's law license based on his failure to cooperate with the A.K. investigation. Attorney Thompson did not advise C.W. of his suspension.

¶15 On July 22, 2016, C.W. terminated Attorney Thompson's representation of her and requested a copy of her file, an accounting, and a refund of unearned fees. Attorney Thompson failed to respond.

¶16 C.W. hired another attorney who contacted Attorney Thompson on September 7, 2016, requesting a copy of C.W.'s file and a refund of her advanced fee. Attorney Thompson failed to respond. C.W. eventually filed a grievance with the OLR. Attorney Thompson failed to respond to the OLR inquiries as well.

¶17 At some point thereafter, Attorney Thompson apparently provided C.W. with a refund. The parties agree that no restitution is warranted in this matter.

¶18 The complaint alleged and the record supports the conclusion that, after dismissal of C.W.'s Wisconsin FMLA claim,

by failing to file any other claims on C.W.'s behalf, Attorney Thompson violated SCR 20:1.3 (Count 3).[6]

¶19 The complaint alleged and the referee concluded that by failing to communicate with C.W. about the status of her claims, and failing to respond to C.W.'s reasonable requests for information, Attorney Thompson violated SCR 20:1.4(a)(3)[7] and (4)[8] (Count 4).

¶20 The complaint alleged and the referee concluded that by failing to provide C.W. with a written accounting following her request for one, Attorney Thompson violated former SCR 20:1.15(d)(2) and current SCR 20:1.15(e)(2)[9] (Count 5).

---

[6] It appears the referee inadvertently failed to formally conclude, as a matter of law, that Attorney Thompson violated SCR 20:1.3 (Count 3), see Report at 8. However, the referee's narrative and undisputed factual findings (that Attorney Thompson failed to file an appeal from C.W.'s state FMLA matter and did not file any other claims on C.W.'s behalf) support the conclusion. We independently conclude that Attorney Thompson committed the misconduct alleged in Count 3 of the OLR complaint, and note than even if this count were to be dismissed, it would not alter our analysis or the discipline we impose today.

SCR 20:1.3 provides: "A lawyer shall act with reasonable diligence and promptness in representing a client."

[7] SCR 20:1.4(a)(3) provides: "A lawyer shall keep the client reasonably informed about the status of the matter."

[8] SCR 20:1.4(a)(4) provides: "A lawyer shall promptly comply with reasonable requests by the client for information."

[9] Effective July 1, 2016, substantial changes were made to Supreme Court Rule 20:1.15, the "trust account rule." See S. Ct. Order 14-07, (issued Apr. 4, 2016, eff. July 1, 2016).

(continued)

¶21 The complaint alleged and the referee concluded that by failing to refund the unearned portion of C.W.'s fee or, alternatively, to timely explain why she was not due a refund; by failing to provide C.W. or her counsel with the contents of her file; and by failing to notify C.W. that he was closing his private practice, Attorney Thompson in each instance violated SCR 20:l.16(d) (Count 6).

¶22 The complaint alleged and the referee concluded that by failing to notify C.W. of the May 6, 2016 suspension of his license to practice law and that she should seek legal advice from another attorney, Attorney Thompson violated SCR 22.26(1)(a) and (b),[10] enforced via SCR 20:8.4(f)[11] (Count 7).

---

Former SCR 20:1.15(d)(2) was renumbered as SCR 20:1.15(e)(2). The text of the rule was not changed and provides: "Upon final distribution of any trust property or upon request by the client or a 3rd party having an ownership interest in the property, the lawyer shall promptly render a full written accounting regarding the property."

[10] SCR 22.26(1) provides:

On or before the effective date of license suspension or revocation, an attorney whose license is suspended or revoked shall do all of the following:

(a) Notify by certified mail all clients being represented in pending matters of the suspension or revocation and of the attorney's consequent inability to act as an attorney following the effective date of the suspension or revocation.

(b) Advise the clients to seek legal advice of their choice elsewhere.

¶23 The complaint alleged and the referee concluded that by failing to file a written response to the OLR's November 23, 2016 letter, Attorney Thompson willfully violated SCR 22.03(2) and (6), enforced via SCR 20:8.4(h) (Count 8).

Matter of L.R. (Counts 9-11)

¶24 In June 2015 L.R. hired Attorney Thompson to defend him in a civil matter. L.R. signed a retainer agreement and paid Attorney Thompson a $2,500 advance fee. On May 6, 2016, this court suspended Attorney Thompson's law license so Attorney Thompson was unable to proceed with L.R.'s matter.

¶25 Between June 3, 2016 and October 31, 2016, L.R. spoke with and wrote Attorney Thompson several times requesting an accounting and refund of the unearned portion of his $2,500 advance fee. Attorney Thompson failed to provide L.R. with an invoice, an accounting, or refund of any unearned fees.

¶26 On November 15, 2016, L.R. filed a grievance with the OLR seeking a refund of at least $1,750. In an email dated December 14, 2016, Attorney Thompson acknowledged to the OLR that he owed L.R. both an accounting and a refund. In an email to L.R. dated February 23, 2017, Attorney Thompson stated he owed L.R. a refund of $1,000 but failed to provide L.R. with an invoice or a refund.

---

[11] SCR 20:8.4(f) provides: "It is professional misconduct for a lawyer to violate a statute, supreme court rule, supreme court order or supreme court decision regulating the conduct of lawyers."

¶27 On May 17, 2017, L.R. filed a request for arbitration of his fee dispute with the State Bar of Wisconsin. On July 21, 2017, pursuant to a mediation agreement, L.R. received a $1,000 refund from Attorney Thompson. Attorney Thompson never provided L.R. with a written invoice, a billing statement, or an accounting.

¶28 The complaint alleged and the referee concluded that, by failing to provide L.R. with a written accounting upon his request, Attorney Thompson violated former SCR 20:1.15(d)(2) and current SCR 20:1.15(e)(2) (Count 9).

¶29 The complaint alleged and the referee concluded that, by failing, upon termination of the representation, to properly refund the unearned portion of L.R.'s fees or, in the alternative, to timely explain why he was not due a refund, Attorney Thompson violated SCR 20:1.16(d) (Count 10).

¶30 The complaint alleged and the referee concluded that, by willfully failing to file a written response to the OLR's December 23, 2016 letter, Attorney Thompson violated SCR 22.03(2) and (6), enforced via SCR 20:8.4(h) (Count 11).

<u>Practicing after Suspension</u> (Counts 12-16)

¶31 When Attorney Thompson was suspended by this court on May 6, 2016, he was employed as an in-house attorney for Heartland Business Systems LLC (Heartland). He continued to work for them after the suspension, holding himself out - both to Heartland and to others - as an attorney licensed to practice law in Wisconsin.

10

¶32 Attorney Thompson later admitted to the OLR that he had been practicing law between May 2016 and at least November 2016 and retained the title of General Counsel. Attorney Thompson made numerous misrepresentations to the OLR when discussing his suspension, including:

- That he told the President and Vice President of Heartland's parent company that his license had been suspended;

- That when he informed Heartland of his suspension, they restricted his signing authority and caused Heartland to begin looking for another attorney;

- That the Vice President took over the handling of all contract matters until another attorney was hired;

- That the Vice President began to supervise a legal assistant for all law-related work;

- That Attorney Thompson did not supervise the new attorney's legal work;

- That after Attorney Thompson informed Heartland of his suspension, he stopped practicing law on behalf of Heartland; and

- That Attorney Thompson changed his title from General Counsel to Chief Operating Officer, Compliance Leader and Privacy Officer.

¶33 The referee found that, in fact, Heartland had no knowledge of Attorney Thompson's suspension until April 27, 2017 and during that time, he was still providing what the company would consider legal services and legal advice. The referee

11

further found that had Heartland known of his May 2016 suspension, Attorney Thompson would have been terminated.[12]

¶34 The complaint alleged and the referee concluded that by practicing law in Wisconsin at a time when his license to practice law was suspended, Attorney Thompson violated SCRs 22.26(2)[13] and 23.02(1),[14] enforced via SCR 20:8.4(f) (Count 12).

¶35 The complaint alleged and the referee concluded that, by using the title General Counsel and otherwise holding himself out as a licensed attorney while employed in Wisconsin at a time when his license to practice law in Wisconsin was suspended,

---

[12] He was eventually terminated on August 7, 2017, in part because he lied to the company about his license suspension.

[13] SCR 22.26(2) provides:

An attorney whose license to practice law is suspended or revoked or who is suspended from the practice of law may not engage in this state in the practice of law or in any law work activity customarily done by law students, law clerks, or other paralegal personnel, except that the attorney may engage in law related work in this state for a commercial employer itself not engaged in the practice of law.

[14] SCR 23.02(1) provides:

A person who is duly licensed to practice law in this state by the Wisconsin Supreme Court and who is an active member of the State Bar of Wisconsin may practice law in Wisconsin. No person may engage in the practice of law in Wisconsin, or attempt to do so, or make a representation that he or she is authorized to do so, unless the person is currently licensed to practice law in Wisconsin by the Wisconsin Supreme court is an active member of the State Bar of Wisconsin.

12

Attorney Thompson violated SCR 23.02(3),[15] enforced via SCR 20:8.4(f) (Count 13).

¶36 The complaint alleged and the referee concluded that, by engaging in a dishonest and deceitful course of conduct related to the status of his license to practice law and his ability to act as legal counsel for Heartland, which included material misrepresentations and omissions in his interactions with Heartland, Attorney Thompson violated SCR 20:8.4(c)[16] (Count 14).

¶37 The complaint alleged and the referee concluded that, by failing to file a written response to the OLR's March 23, 2017 letter until September 18, 2017, Attorney Thompson willfully violated SCR 22.03(2) and (6), enforced via SCR 20:8.4(h) (Count 15).

---

[15] SCR 23.02(3) provides:

Except as permitted by SCR 10.03(4), only a person who is currently licensed to practice law in Wisconsin and who is an active member of the State Bar of Wisconsin may represent himself or herself to the public using the words attorney at law, lawyer, solicitor, counselor, attorney and counselor, proctor, law, law office, or other equivalent words in connection with his or her name or any sign, advertisement, business card, letterhead, circular, notice, or other writing, document or design, the evident purpose of which is to induce others to believe or understand the person to be authorized to practice law in this state or otherwise qualified to provide professional legal services or advice.

[16] SCR 20:8.4(c) provides: "It is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

13

¶38 Finally, the complaint alleged and the referee concluded that, by making misrepresentations to the OLR during the course of its investigations, Attorney Thompson violated SCR 22.03(6), enforced via SCR 20:8.4(h) (Count 16).

¶39 With respect to the appropriate discipline, the parties stipulated before the evidentiary hearing that a one-year suspension of Attorney Thompson's license to practice law was appropriate, together with restitution to A.K. as a condition of any future reinstatement.

¶40 The referee was troubled by Attorney Thompson's misconduct, particularly his blatant disregard of a supreme court order and his misrepresentations to the OLR. In reaching an independent recommendation regarding discipline, the referee deemed instructive In re Disciplinary Proceedings Against Rostollan, 2018 WI 38, 381 Wis. 2d 5, 911 N.W.2d 112. Attorney Rostollan, who had no prior disciplinary history, was suspended for failure to cooperate in an OLR investigation. He was then suspended for two years for failing to properly document advance fees; making misrepresentations to a federal bankruptcy court; failure to hold fees in trust; failure to cooperate with an OLR investigation; failure to keep a client properly informed; and practicing after suspension. The referee acknowledged that Attorney Rostollan's conduct was more egregious than that of Attorney Thompson, but noted, correctly, that many of the same elements are present.

¶41 The referee was also informed by In re Disciplinary Proceedings Against Ruppelt, 2017 WI 80, 377 Wis. 2d 441, 898

14

N.W.2d 473 where the attorney stipulated to 16 counts of misconduct and a one-year suspension for failure to hold client money in trust; dishonest billing practices; dishonesty toward the OLR in its investigation; failure to properly communicate with a client; and false statements to a tribunal. There, the referee opted to recommend a 15-month suspension, which this court imposed. The referee observed that Attorney Thompson's case also involved "troublesome conduct toward at least three (3) clients" and determined that here, a 15-month suspension is needed.

¶42 This court will adopt the referee's findings of fact unless they are clearly erroneous. Conclusions of law are reviewed de novo. See In re Disciplinary Proceedings Against Eisenberg, 2004 WI 14, ¶5, 269 Wis. 2d 43, 675 N.W.2d 747. The court may impose whatever sanction it sees fit, regardless of the referee's recommendation. See In re Disciplinary Proceedings Against Widule, 2003 WI 34, ¶44, 261 Wis. 2d 45, 660 N.W.2d 686.

¶43 We adopt the referee's findings of fact and conclusions of law that Attorney Thompson violated the supreme court rules as set forth above. We further agree with the referee that a 15-month suspension of Attorney Thompson's license to practice law in Wisconsin is a more appropriate level of discipline than the 12-month suspension proposed by the parties. We agree with the referee that Attorney Thompson should be required to pay restitution to A.K. We impose this obligation on Attorney Thompson now. It is not our practice to

15

defer imposition of a restitution award.[17]   Finally, we deem it appropriate, as is our usual custom, to impose the full costs of this disciplinary proceeding on Attorney Thompson.

¶44   IT IS ORDERED that the license of Ryan P. Thompson to practice law in Wisconsin is suspended for a period of 15 months, effective the date of this order.

¶45   IT IS FURTHER ORDERED that within 60 days of the date of this order, Ryan P. Thompson shall pay restitution to A.K. in the amount of $1,000.

¶46   IT IS FURTHER ORDERED that within 60 days of the date of this order Ryan P. Thompson shall pay to the Office of Lawyer Regulation the costs of this proceeding, which are $7,370.73 as of August 24, 2018.

¶47   IT IS FURTHER ORDERED that restitution shall be paid before the payment of costs to the Office of Lawyer Regulation.

¶48   IT IS FURTHER ORDERED that, to the extent that he has not already done so, Ryan P. Thompson shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

¶49   IT IS FURTHER ORDERED that the temporary suspension of Ryan P. Thompson's license to practice law in Wisconsin, which was imposed on May 6, 2016, due to his willful failure to

---

[17] To the extent Attorney Thompson is unable to pay restitution and costs now, he may contact the OLR and request a repayment plan.

cooperate with the Office of Lawyer Regulation's investigation is lifted.

¶50 IT IS FURTHER ORDERED that compliance with all conditions of this order is required for reinstatement. <u>See</u> SCR 22.28(3).