# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2022AP1212-D |

| | |
|---|---|
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against William H. Green, Attorney at Law:<br><br>Office of Lawyer Regulation,<br>        Complainant,<br>    v.<br>William H. Green,<br>        Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST GREEN

| | |
|---|---|
| OPINION FILED: | June 27, 2023 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | |
| COUNTY: | |
| JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
| Per curiam. | |
| NOT PARTICIPATING: | |

| | |
|---|---|
| ATTORNEYS: | |

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2022AP1212-D

STATE OF WISCONSIN : IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against**

**William H. Green, Attorney at Law:**

**Office of Lawyer Regulation,**

> **Complainant,**

> **v.**

**William H. Green,**

> **Respondent.**

**FILED**

**JUN 27, 2023**

Samuel A. Christensen
Clerk of Supreme Court

ATTORNEY disciplinary proceeding. *Attorney's license suspended.*

¶1 PER CURIAM. We review the recommendation of referee Charles H. Barr that the court declare Attorney William H. Green in default and suspend his license to practice law in Wisconsin for a period of two years for 24 counts of professional misconduct that arose out of six separate client matters. The referee also recommended that Attorney Green be required to make restitution to two clients and that he be required to comply

with two bankruptcy court disgorgement orders entered for the benefit of other clients. Finally, the referee recommended that Attorney Green be required to pay the full costs of this proceeding, which are $707 as of April 11, 2023.

¶2 Since no appeal has been filed, we review the referee's report pursuant to Supreme Court Rule (SCR) 22.17(2).[1] After conducting an independent review of the matter, we agree with the referee that, based on Attorney Green's failure to answer the complaint filed by the Office of Lawyer Regulation (OLR), OLR is entitled to a default judgment. We also agree with the referee that Attorney Green's professional misconduct warrants a two-year suspension of his Wisconsin law license. We further agree that Attorney Green should be ordered to make restitution, comply with the bankruptcy court disgorgement orders, and bear the full costs of this proceeding.

¶3 Attorney Green was admitted to practice law in Wisconsin in 1990. His address on file with the State Bar of Wisconsin is in Brown Deer, Wisconsin. Attorney Green's law license has been suspended since December 26, 2021 for non-cooperation with OLR's investigations into his misconduct.

¶4 Attorney Green's disciplinary history consists of a 2014 private reprimand for failing to properly consult with

---

[1] SCR 22.17(2) provides: "If no appeal is filed timely, the supreme court shall review the referee's report; adopt, reject or modify the referee's findings and conclusions or remand the matter to the referee for additional findings; and determine and impose appropriate discipline. The court, on its own motion, may order the parties to file briefs in the matter."

clients about a bankruptcy issue, failing to keep the clients informed, failing to diligently pursue the matter and not holding or reporting fees correctly. Private Reprimand No. 2014-9.[2]  In 2016, Attorney Green was publicly reprimanded for professional misconduct in three client matters involving lack of competence, failure to pursue resolution of a client's matters, and failing to comply with trust account rules. Public Reprimand of William H. Green, No. 2016-8.[3]

¶5  On July 18, 2022, OLR filed the complaint underlying this matter.  The first four counts of misconduct alleged in the complaint arose out of Attorney Green's representation of M.P., who hired Attorney Green in December 2017 to represent him in a bankruptcy matter.  M.P. agreed to pay Attorney Green $4,500 for the representation and paid Attorney Green $1,140 before the bankruptcy petition was filed.

¶6  Attorney Green filed a Chapter 13 bankruptcy petition for M.P. on December 27, 2017 in United States Bankruptcy Court for the Eastern District of Wisconsin.  On April 2, 2019, the Chapter 13 Trustee moved to dismiss the bankruptcy because M.P. had not been making the required payments.  Attorney Green did not respond to the Trustee's motion to dismiss or take any other action to protect M.P.'s interest.  The bankruptcy court dismissed the case on April 29, 2019.

---

[2] No electronic copy is available.

[3] Electronic copy available at https://compendium.wicourts.gov/app/1f14304d736f3742230c29497964 233e33391845.continue?action=detail&detailOffset=2.

¶7 On June 27, 2019, Attorney Green filed a subsequent Chapter 7 bankruptcy for M.P. On September 30, 2019, the Clerk of Court notified Attorney Green that M.P. needed to take a personal financial management course and file a certificate of course completion within 60 days. M.P. did not take the required course and filed no certificate. On December 3, 2019, the bankruptcy court closed M.P.'s Chapter 7 case without a discharge. The bankruptcy court's order stated that M.P. could move to reopen the case and file the certificate if he paid the full filing fee.

¶8 On January 2, 2020, M.P. completed the financial management course and filed a certificate with the bankruptcy court. In 2021, M.P. contacted Attorney Green about reopening the bankruptcy, and Attorney Green told him the cost to reopen the Chapter 7 case and obtain a discharge was $400. M.P. paid Attorney Green the $400 on or about August 4, 2021.

¶9 Over the next two months, M.P. called Attorney Green multiple times and also sent emails and texts asking about the status of his bankruptcy. Attorney Green failed to respond, and he did not move to reopen the bankruptcy.

¶10 On September 24, 2021, M.P. filed a grievance against Attorney Green with OLR. On October 29, 2021, OLR sent Attorney Green a notice of formal investigation and requested a response by November 22, 2021.

¶11 On November 30, 2021, OLR wrote Attorney Green and informed him it had not received a response. OLR provided notice that if Attorney Green failed to respond within 20 days

4

or otherwise show an inability to provide the requested information, or file a motion with this court indicating why his license should not be suspended, his license to practice law would be automatically suspended. OLR personally served Attorney Green with the November 30th letter on December 6, 2021. Attorney Green did not respond. Effective December 26, 2021, Attorney Green's law license was automatically suspended for his failure to cooperate with OLR's investigation in this and other OLR investigative matters. Attorney Green has not subsequently cooperated in the investigation and the suspension remains in effect.

¶12 OLR's complaint alleged the following counts of misconduct with respect to Attorney Green's representation of M.P.:

> Count 1: By failing to take meaningful action to advance [M.P.'s] Chapter 13 and Chapter 7 bankruptcy cases following the filing of the petitions, [Attorney] Green violated SCR 20:1.3. [4]
>
> Count 2: By failing to respond to [M.P.'s] telephone calls, emails and text messages seeking information and assistance regarding his bankruptcy case, [Attorney] Green violated SCR 20:1.4(a)(3) and (4).[5]

---

[4] SCR 20:1.3 provides: "A lawyer shall act with reasonable diligence and promptness in representing a client."

[5] SCR 20:1.4(a)(3) and (4) provide: "A lawyer shall: (3) keep the client reasonably informed about the status of the matter; (4) promptly comply with reasonable requests by the client for information."

Count 3: By failing to refund $400 in unearned fees to [M.P.], [Attorney] Green violated SCR 20:1.16(d).[6]

Count 4: By failing to respond to OLR's October 29, 2021 notice of formal investigation, [Attorney] Green violated SCR 22.03(2),[7] enforceable via SCR 20:8.4(h).[8]

¶13 The next client matter detailed in OLR's complaint involved Attorney Green's representation of B.L., who hired him to represent her in a bankruptcy matter in 2018. B.L. agreed to pay Attorney Green $4,500 for the representation and paid him $1,000 before he filed the bankruptcy petition.

---

[6] SCR 20:1.16(d) provides: "Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payments of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law."

[7] SCR 22.03(2) provides: "Upon commencing an investigation, the director shall notify the respondent of the matter being investigated unless in the opinion of the director the investigation of the matter requires otherwise. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct within 20 days after being served by ordinary mail a request for written response. The director may allow additional time to respond. Following receipt of the response, the director may conduct further investigation and may compel the respondent to answer questions, furnish documents, and present any information deemed relevant to the investigation."

[8] SCR 20:8.4(h) provides: "It is professional misconduct to fail to cooperate in the investigation of a grievance filed with the office of lawyer regulation as required by SCR 21.15(4), SCR 22.001(9)(b), SCR 22.03(2), SCR 22.03(6), or SCR 22.04(1)."

¶14 On July 17, 2018, Attorney Green filed a Chapter 13 bankruptcy petition for B.L. in United States Bankruptcy Court for the Eastern District of Wisconsin. Although Attorney Green filed a proposed Chapter 13 plan with the petition, he was unable to gain confirmation of the plan, and over the next 36 months he filed eight amendments to the plan. Attorney Green missed multiple filing deadlines in the case, leading the Chapter 13 Trustee to ask for dismissal on three occasions. B.L. tried to contact Attorney Green multiple times and tried to meet with him to discuss the status of her bankruptcy, but Attorney Green did not substantively respond to her requests.

¶15 On March 29, 2021, Attorney Green filed a stipulation with one of B.L.'s creditors. B.L. had not approved the stipulation.

¶16 On April 28, 2021, the bankruptcy judge ordered Attorney Green to file an amended plan by May 11, 2021. He failed to do so.

¶17 On May 4, 2021, B.L. went to Attorney Green's office but he would not meet with her. The following day, B.L. wrote directly to the bankruptcy judge indicating that Attorney Green was not communicating with her and that she no longer wanted him to represent her.

¶18 On July 13, 2021, the bankruptcy judge held a hearing on the Trustee's dismissal motion and B.L.'s letter to the bankruptcy court. The bankruptcy court ordered Attorney Green to file a motion to withdraw by July 16, 2021. Attorney Green did not move to withdraw. On July 23, 2021, the bankruptcy

7

court ordered Attorney Green to appear in person on August 5, 2021 to show cause why the bankruptcy court should not sanction him for failing to obey the July 13th order. Attorney Green failed to appear at the August 5th hearing and did not otherwise respond.

¶19 On August 6, 2021, the bankruptcy court terminated Attorney Green's representation of B.L. and ordered Attorney Green to disgorge $1,000 in fees to B.L. by September 7, 2021. The bankruptcy court forwarded the August 6th order to OLR. Attorney Green has not paid B.L. the $1,000 reimbursement ordered by the bankruptcy court.

¶20 On September 15, 2021, the bankruptcy court ordered Attorney Green to appear in person on October 14, 2021 to show cause why the bankruptcy court should not sanction him further. On October 14, 2021, Attorney Green wrote to the bankruptcy court saying he could not appear due to transportation issues, that he lacked $1,000 to pay B.L., and that he had health issues.

¶21 On October 15, 2021, the bankruptcy court entered judgment against Attorney Green for $1,000 and barred him from filing any new bankruptcy cases in the Eastern District.

¶22 On October 29, 2021, OLR sent Attorney Green a notice of formal investigation regarding the bankruptcy court's referral and requested a response by November 22, 2021. This was the same time frame as the notice sent to Attorney Green in M.P.'s case. As with M.P.'s case, Attorney Green failed to respond to OLR, and his law license was automatically suspended

8

on December 26, 2021. Attorney Green has not subsequently cooperated in the investigation in B.L.'s case, and the suspension remains in effect.

¶23 The complaint alleged the following counts of misconduct arising out of Attorney Green's representation of B.L.:

> Count 5: By failing to take meaningful action to advance [B.L.]'s bankruptcy case over a 36 month period, including failing to meet multiple deadlines associated with the case and causing the Trustee to file multiple motions to dismiss the bankruptcy case, [Attorney] Green violated SCR 20:1.3.

> Count 6: By failing to keep [B.L.] reasonably informed regarding the status of her case, and by failing to respond to [B.L.]'s numerous telephone calls seeking information and assistance regarding the bankruptcy case, including refusing to meet with [B.L.] on May 4, 2021, [Attorney] Green violated SCR 20:1.4(a)(3) and (4).

> Count 7: By failing to comply with the court's April 28, 2021, July 13, 2021, July 23, 2021, August 6, 2021, and September 15, 2021 orders in [B.L.]'s bankruptcy proceeding, [Attorney] Green, in each instance, violated SCR 20:3.4(c).[9]

> Count 8: By failing to refund $1,000 in unearned fees to [B.L.], [Attorney] Green violated SCR 20:1.16(d).

> Count 9: By failing to respond to OLR's October 29, 2021 notice of formal investigation, [Attorney] Green violated SCR 22.03(2), enforceable via SCR 20:8.4(h).

¶24 The next client matter detailed in OLR's complaint involved Attorney Green's representation of T.B. and J.B. (the

---

[9] SCR 20:3.4(c) provides: "A lawyer shall not knowingly disobey an obligation under the rules of a tribunal, except for an open refusal based on an assertion that no valid obligation exists."

Bs), who hired Attorney Green to represent them in a bankruptcy matter in 2019. The Bs agreed to pay Attorney Green $4,000 for the representation and paid him $1,573 prior to filing a bankruptcy petition.

¶25 On November 16, 2019, Attorney Green filed a Chapter 13 bankruptcy petition on behalf of the Bs in United States Bankruptcy Court for the Eastern District of Wisconsin. The Bank of New York Mellon (Mellon) was the Trustee for the holders of a second mortgage on the Bs' home. On June 2, 2020, the Bs and Mellon agreed to lift the automatic stay on Mellon's claims to the home.

¶26 On September 1, 2020, the bankruptcy court confirmed the Bs' Chapter 13 bankruptcy petition and plan. As part of the plan, the Bs were required to make monthly payments and provide tax returns to the bankruptcy Trustee. In the first half of 2021, the Bs gave their 2020 tax returns to Attorney Green, but he did not forward them to the Trustee.

¶27 In March 2021, Mellon filed a foreclosure action against the Bs in Milwaukee County circuit court. The Bs notified Attorney Green of the foreclosure action and repeatedly called, texted, and emailed him over the next few months. Attorney Green did not respond to the Bs' efforts to contact him.

¶28 On June 26, 2021, the circuit court in the foreclosure case scheduled a hearing on a default motion against the Bs for July 26, 2021. On July 21, 2021, Attorney Green entered an appearance in the foreclosure case. Attorney Green appeared at

10

the hearing on Mellon's default motion on July 26, 2021. The circuit court granted the default and set another hearing for August 9, 2021 to address the foreclosure judgment motion. Attorney Green failed to appear at the scheduled hearing on August 9, 2021, and the circuit court granted a foreclosure judgment against the Bs.

¶29 On September 21, 2021, the Bs filed a grievance with OLR claiming that since March 2021 Attorney Green had not responded to their numerous phone calls and emails and, because of the foreclosure judgment, they were no longer able to work on a payment plan with Mellon.

¶30 On September 29, 2021, the bankruptcy Trustee moved to dismiss the bankruptcy because the Bs had not made the required payments and had failed to provide tax returns to the Trustee. Attorney Green failed to respond to the Trustee's motion to dismiss or take any other steps to advance the Bs' bankruptcy.

¶31 On October 27, 2021, the bankruptcy court dismissed the Bs' case. Attorney Green had received $521.59 toward his fees through the Chapter 13 plan.

¶32 On November 24, 2021, the Bs filed a new Chapter 13 bankruptcy petition with new counsel. On December 3, 2021, the bankruptcy court ordered Attorney Green to appear in person on January 5, 2022 and show cause why his attorney's fees should not be disgorged and why other sanctions should not be imposed on him. Attorney Green failed to respond to the bankruptcy court order or appear on January 5, 2022.

11

¶33 On January 6, 2022, the bankruptcy court ordered Attorney Green to disgorge $2,094.59 in fees and pay that amount to the Bs. Attorney Green has not paid any part of the ordered amount to the Bs.

¶34 On October 30, 2021, OLR sent Attorney Green a notice of formal investigation in the Bs' matter and requested a response on or before November 22, 2021. As with the other notices of formal investigation, Attorney Green failed to respond, and effective December 26, 2021, his Wisconsin law license was automatically suspended for failure to cooperate with OLR's investigation. Attorney Green has not subsequently cooperated in the investigation of the Bs' grievance, and the suspension remains in effect.

¶35 OLR's complaint alleged the following counts of misconduct with respect to Attorney Green's representation of the Bs:

> Count 10: By failing to appear at the hearing on Mellon's motion for default judgment and foreclosure, resulting in a judgment of foreclosure, and, in addition, by failing to take any action to respond to the Trustee's motion to dismiss the bankruptcy action, resulting in the dismissal of the [Bs]' bankruptcy proceeding, [Attorney] Green violated SCR 20:1.3.

> Count 11: By failing to keep the [Bs] reasonably informed regarding the status of their cases, and by failing to respond to the [Bs]' numerous telephone calls, emails and texts requesting information and assistance regarding both the foreclosure action and the bankruptcy case, [Attorney] Green violated SCR 20:1.4(a)(3) and (4).

> Count 12: By failing to comply with the court's December 3, 2021 and January 6, 2022 orders,

12

[Attorney] Green, in each instance, violated SCR 20:3.4(c).

Count 13: By failing to refund unearned fees to the [Bs], [Attorney] Green violated SCR 20:1.16(d).

Count 14: By failing to respond to the OLR's October 30, 2021 notice of formal investigation, [Attorney] Green violated SCR 22.03(2), enforceable via SCR 20:8.4(h).

¶36 OLR's complaint also alleged that Attorney Green engaged in professional misconduct in his representation of K.M., who hired him in November 2019 to file a termination of parental rights case with step-parent adoption of her son. K.M. agreed to pay Attorney Green $4,000 for the representation. She paid him $2,000 in November 2019 and then paid $150 per month toward the remaining $2,000. By January 2021, Attorney Green had received full payment.

¶37 Attorney Green took no action on K.M.'s behalf. K.M. tried to contact Attorney Green through phone calls, emails, and texts, but Attorney Green never substantively responded.

¶38 On October 19, 2021, K.M. filed a grievance against Attorney Green with OLR. On October 29, 2021, K.M. emailed Attorney Green and requested a full refund of the $4,000 attorney's fees she had paid. Attorney Green failed to respond.

¶39 On November 22, 2021, OLR sent Attorney Green a notice of formal investigation and requested a response by December 15, 2021. As with the previous notices of formal investigation, Attorney Green failed to respond. Effective January 8, 2022, his law license was automatically suspended for his failure to cooperate with OLR's investigation in the matter. Attorney

Green has not subsequently cooperated in the investigation of K.M.'s grievance, and the suspension remains in effect.

¶40 The complaint alleged the following counts of misconduct arising out of Attorney Green's representation of K.M.:

> Count 15: By failing to take any action on [K.M.]'s behalf to file a termination of parental rights and step-parent adoption case, [Attorney] Green violated SCR 20:1.3.
>
> Count 16: By failing to keep [K.M.] reasonably informed regarding the status of her case, and by failing to respond to [K.M.]'s numerous telephone calls and emails requesting information regarding the case, [Attorney] Green violated SCR 20:1.4(a)(3) and (4).
>
> Count 17: By failing to respond to [K.M.]'s request for a refund, [Attorney] Green violated SCR 20:1.5(b)(3).[10]
>
> Count 18: By failing to refund unearned fees to [K.M.], [Attorney] Green violated SCR 20:1.16(d).
>
> Count 19: By failing to respond to OLR's notice of formal investigation dated November 22, 2021, [Attorney] Green violated SCR 22.03(2), enforceable via SCR 20:8.4(h).

¶41 OLR's complaint further alleged that Attorney Green committed professional misconduct with respect to his representation of J.W., Jr., who hired Attorney Green to represent him in a bankruptcy matter in 2020. J.W. agreed to

---

[10] SCR 20:1.5(b)(3) provides: "A lawyer shall promptly respond to a client's request for information concerning fees and expenses."

pay Attorney Green $4,500 for the representation and paid him $1,000 prior to the filing.

¶42 On May 29, 2020, Attorney Green filed a Chapter 13 bankruptcy petition on J.W.'s behalf in United States Bankruptcy Court for the Eastern District of Wisconsin. Attorney Green filed multiple amendments to the original Chapter 13 plan, all of which drew objections from the Trustee and/or creditors.

¶43 On July 20, 2020, the bankruptcy court ordered J.W. to give the Trustee specific documents and file an amended plan addressing specific issues. Attorney Green failed to file an amended plan or give the requested documents to the trustee.

¶44 On September 2, 2020, the Trustee moved to dismiss the bankruptcy for failure to comply with the July 20th order. On September 29, 2020, the bankruptcy court denied the Trustee's motion to dismiss, but re-ordered J.W. to provide the documentation and make changes to the bankruptcy plan.

¶45 On November 4, 2020, the Trustee filed another motion to dismiss because J.W. had failed to make payments as required under the proposed plan. On December 4, 2020, the bankruptcy court dismissed J.W.'s bankruptcy proceeding.

¶46 On February 23, 2021, Attorney Green filed a new Chapter 13 bankruptcy petition on behalf of J.W. This proposed bankruptcy plan was substantively the same as the one in the earlier case that had failed to win confirmation. On March 26, 2021, the Trustee moved to dismiss J.W.'s new bankruptcy plan, alleging the filing was not in good faith due to the plan's similarity to the prior one and due to J.W.'s failure to make

15

payments or attend the scheduled meeting with creditors. Attorney Green failed to respond to this motion. On April 20, 2021, the bankruptcy court granted the Trustee's motion and dismissed J.W.'s second petition.

¶47 On September 9, 2021, J.W. filed a grievance against Attorney Green with OLR. On October 28, 2021, OLR sent Attorney Green a notice of formal investigation. As with the previous notices of formal investigation, Attorney Green failed to respond, and effective December 26, 2021, his law license was automatically suspended. Attorney Green has not subsequently cooperated in the investigation into J.W.'s grievance, and the suspension remains in effect.

¶48 The OLR's complaint alleged the following counts of misconduct arising out of Attorney Green's representation of J.W.:

> Count 20: By failing to take meaningful action to advance [J.W.]'s bankruptcy case following the filing of two petitions, [Attorney] Green violated SCR 20:1.3.

> Count 21: By failing to comply with the court's July 20, 2020 and September 29, 2020 orders in [J.W.]'s bankruptcy proceeding, [Attorney] Green, in each instance, violated SCR 20:3.4(c).

> Count 22: By failing to respond to OLR's October 28, 2021 notice of formal investigation, [Attorney] Green violated SCR 22.03(2), enforceable via SCR 20:8.4(h).

¶49 The final client matter detailed in OLR's complaint concerned Attorney Green's representation of J.V. J.V. hired Attorney Green in August 2021 to represent her in a pending divorce action as well as in a juvenile proceeding. In

16

September 2021, Attorney Green stopped responding to J.V.'s requests for information and advice.

¶50 On October 7, 2021, Attorney Green moved to withdraw in the juvenile case, claiming health issues. J.V. was unable to obtain a copy of her file from Attorney Green or gain access to electronic court filings in her cases.

¶51 On October 12, 2021, J.V. filed a grievance against Attorney Green with OLR. On November 5, 2021, OLR sent Attorney Green a notice of formal investigation. As with the previously detailed notices of formal investigation, Attorney Green failed to respond, and effective January 2, 2022, his law license was automatically suspended. Attorney Green has not subsequently cooperated in OLR's investigation into J.V.'s grievance, and the suspension remains in effect.

¶52 The complaint alleged the following counts of misconduct with respect to Attorney Green's representation of J.V.:

> Count 23: By failing to promptly return [J.V.]'s file, [Attorney] Green violated SCR 20:1.16(d).

> Count 24: By failing to respond to OLR's notice of formal investigation dated November 5, 2021, [Attorney] Green violated SCR 22.03(2), enforceable via SCR 20:8.4(h).

¶53 After OLR made several unsuccessful attempts to serve Attorney Green personally with the complaint and order to answer, he was served by certified mail by sending an authenticated copy of the complaint and order to answer to the most recent address on file with the State Bar on August 8,

17

2022. His answer or other response to the complaint was due October 16, 2022. A telephonic scheduling conference was held on October 20, 2022. Only counsel for OLR appeared, and counsel expressed OLR's intention to file a motion for default judgment. OLR's counsel represented that to the best of his knowledge, based on OLR's investigation, Attorney Green was not then engaged in and appeared to have abandoned the practice of law. The referee adjourned the scheduling conference pending OLR's filing of a motion for default judgment.

¶54 OLR filed its motion for default judgment on December 15, 2022. Pursuant to the notice, a telephonic hearing on the motion was held on January 20, 2023. Again, only counsel for OLR appeared at the hearing. On January 23, 2023, the referee issued an order finding that OLR had complied with the requirements for substituted service under SCR 22.13(1),[11] that no answer or any other response to the complaint had been served or filed by Attorney Green or on his behalf, that the time for doing so had expired, and that Attorney Green was therefore in default. Notwithstanding the finding of default, the referee's January 23, 2023 order provided that if Attorney Green served and filed a response to the complaint within 30 days, the

---

[11] SCR 22.13(1) provides: "The complaint and order to answer shall be served upon the respondent in the same manner as a summons under section 801.11(1) of the statutes. If, with reasonable diligence, the respondent cannot be served under section 801.11(1)(a) or (b) of the statutes, service may be made by sending by certified mail an authenticated copy of the complaint and order to answer to the most recent address furnished by the respondent to the state bar."

18

referee would rescind the finding of default. No answer or other response to the complaint has been filed.

¶55 On March 22, 2023, the referee issued a report and a recommendation recommending that this court grant the OLR's motion for default judgment. The referee found that OLR complied with SCR 22.13(1) and properly served the complaint and order to answer on Attorney Green. The referee found that the OLR made reasonable and good faith attempts, above and beyond the attempts necessary to satisfy the requirements of SCR 22.13(1), to provide Attorney Green with actual knowledge of the proceeding and that further attempts to contact him would be futile.

¶56 The referee deemed all of the allegations in OLR's complaint established. The referee found that OLR had met its burden of proof with respect to all of the counts of professional misconduct alleged in the complaint.

¶57 With respect to the appropriate sanction, the referee noted that because Attorney Green has previously received both a private reprimand and a public reprimand, the doctrine of progressive discipline strongly suggests the appropriateness of a suspension, particularly since the nature of the misconduct in this case bears substantial similarity to the misconduct that resulted in the two reprimands. The referee found that, in significant respects, this case was similar to In re Disciplinary Proceedings Against Rostollan, 2018 WI 38, 381 Wis.2d 5, 911 N.W.2d 112, in which this court imposed a two-year license suspension. Attorney Rostollan was found to have

19

committed 21 counts of professional misconduct involving three clients. He had no prior disciplinary history. Like Attorney Green, Attorney Rostollan was also found to be in default, and at the time the case reached this court, Attorney Rostollan's license had also been temporarily suspended for his failure to cooperate in an OLR investigation.

¶58 The referee said the scope of misconduct in Rostollan and the instant case was roughly comparable. The referee said given that Attorney Green has been previously disciplined, and Attorney Rostollan had not been, the suspension imposed here should be no shorter than the suspension imposed in Rostollan. The referee reasoned that the progression from a public reprimand to a two-year suspension was significant and would properly reflect the scope and gravity of Attorney Green's misconduct. The referee believed that a two-year suspension would also serve to deter other attorneys from engaging in similar misconduct.

¶59 The referee further recommended that Attorney Green be ordered to pay restitution of $400 to M.P. and $4,000 to K.M., and that he also be ordered to comply with the two bankruptcy court disgorgement orders, one for the benefit of B.L. in the amount of $1,000 and the other for the benefit of the Bs in the amount of $2,094.59. Finally, the referee recommended that Attorney Green be required to pay the full costs of this proceeding.

¶60 We review a referee's findings of fact subject to the clearly erroneous standard. See In re Disciplinary Proceedings

Against Eisenberg, 2004 WI 14, ¶5, 269 Wis.2d 43, 675 N.W.2d 747. We review the referee's conclusions of law de novo. Id. We determine the appropriate level of discipline independent of the referee's recommendation. See In re Disciplinary Proceedings Against Widule, 2003 WI 34, ¶44, 261 Wis.2d 45, 660 N.W.2d 686.

¶61 In light of Attorney Green's failure to appear or participate in this case, we agree with the referee that Attorney Green should be declared in default. We also find that the referee properly relied on the allegations of the complaint, which were deemed admitted. See In re Disciplinary Proceedings Against Roitburd, 2016 WI 12, ¶19, 368 Wis.2d 595, 882 N.W.2d 317.

¶62 We agree with the referee that the allegations in OLR's complaint have been established and that Attorney Green engaged in the 24 counts of misconduct alleged in the complaint. We also agree that a two-year suspension of Attorney Green's license to practice law in Wisconsin is an appropriate sanction for the misconduct. Although no two disciplinary proceedings are alike, we agree with the referee that this case is substantially similar to Rostollan. We agree that a two-year license suspension is required to impress on Attorney Green the seriousness of his extensive misconduct and deter other attorneys from engaging in similar misconduct in the future.

¶63 We also accept the referee's recommendation that Attorney Green be required to make restitution to M.P. and K.M. and that he also be required to comply with the two bankruptcy

21

court disgorgement orders. Finally, we agree, consistent with our standard practice, that Attorney Green should bear the full costs of this proceedings which are $707 as of April 11, 2023.

¶64 IT IS ORDERED that the license of William H. Green to practice law in Wisconsin is suspended for a period of two years, effective the date of this order.

¶65 IT IS FURTHER ORDERED that, to the extent he has not already done so, William H. Green shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

¶66 IT IS FURTHER ORDERED that within 60 days of the date of this order, William H. Green shall pay restitution to M.P. in the amount of $400 and to K.M. in the amount of $4,000.

¶67 IT IS FURTHER ORDERED that William H. Green shall comply with the bankruptcy court disgorgement orders requiring him to disgorge $1,000 in fees to B.L. and to disgorge $2,094.59 in fees to the Bs.

¶68 IT IS FURTHER ORDERED that within 60 days of the date of this order, William H. Green shall pay to the Office of Lawyer Regulation the costs of this proceeding.

¶69 IT IS FURTHER ORDERED that the restitution is to be completed prior to paying costs to the Office of Lawyer Regulation.

¶70 IT IS FURTHER ORDERED that compliance with all conditions of this order is required for reinstatement. See SCR 22.29(4)(c).

¶71 IT IS FURTHER ORDERED that the temporary suspensions of William H. Green's license to practice law issued on December 26, 2021, January 2, 2022, and January 8, 2022 are hereby lifted.

¶72 IT IS FURTHER ORDERED that any administrative suspension of William H. Green's license to practice law due to his failure to pay mandatory bar dues and failure to comply with continuing legal education requirements remains in effect.

23